## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY REID | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-00155-SEP |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Bradley Reid's Amended Motion to Vacate, Set Aside, or Correct Sentence.  Doc. [6].  For the reasons set forth below, the motion is granted.

### BACKGROUND

On August 12, 2021, Reid pleaded guilty to two counts of being a felon in possession of a firearm, possession with intent to distribute a substance containing fentanyl, possession with intent to distribute a substance containing cocaine base, and possession of a firearm in furtherance of a drug-trafficking crime.  Doc. [37], *United States v. Reid*, 4:20-cr-00452-SEP (E.D. Mo. Aug. 12, 2021).  After accepting his guilty plea, the Court sentenced Reid to a 144-month term of imprisonment and a three-year term of supervised release.  Doc. [40], *United States v. Reid*, 4:20-cr-00452-SEP (E.D. Mo. Aug. 12, 2021).  At all stages of the criminal case, attorney Nick Zotos represented Reid.

On August 17, 2021, defense counsel filed a notice as required by E.D. Mo. L.R. 12.07, certifying that he had advised Reid of his rights to appeal and that Reid did not request counsel to file an appeal.  Doc. [42], *United States v. Reid*, 4:20-cr-00452-SEP (E.D. Mo. Aug. 17, 2021).  Reid did not sign that document.  *Id.*  On September 2, 2021, Reid filed a letter with the Court requesting assistance with appealing his sentence.  Doc. [43], *United States v. Reid*, 4:20-cr-00452-SEP (E.D. Mo. Sep. 2, 2021); Doc. [1].  On February 8, 2022, the Court determined that the letter amounted to a motion under 28 U.S.C. § 2255, appointed counsel, and ordered Reid to file an amended motion.  Docs. [2], [3], [4].  On March 15, 2022, Reid filed his amended motion setting forth five ineffective-assistance-of-counsel claims.  Doc. [6].  In his first claim, Reid asserts that "Lawyer Nick Zotos didn't file for appeal on my behalf," and that "I asked him to

file appeal he said 'No.'"  *Id.* at 4.  On August 15, 2022, the United States responded to Reid's motion and conceded that the Court should grant relief on this claim.  Doc. [14].

## STANDARD OF REVIEW

Federal law requires the Court to "vacate and set [its prior] judgment aside" if it finds that "there has been . . . a denial or infringement of the constitutional rights of the prisoner."  28 U.S.C. § 2255.  The Constitution guarantees defendants the right to effective assistance of counsel, though "[a] defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant."  *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  However, an attorney acts in a *per se* unreasonable manner when he fails to file an appeal after his client specifically instructs him to do so.  *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000).  Moreover, when an attorney fails to file an appeal when requested to do so, no showing of prejudice or likely success on appeal is required.  *Barger v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992).

In *Flores–Ortega*, the Supreme Court held that counsel must consult with a defendant when counsel has reason to believe "either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  528 U.S. at 480.  Counsel must advise the defendant about the advantages and disadvantages of filing an appeal and make a reasonable effort to determine the defendant's wishes.  *Id.* at 478.

## DISCUSSION

In his first claim, Reid argues that his attorney failed to file a notice of appeal despite his request, and the United States concedes the merit of this claim.  Doc. [6] at 4; Doc. [14].  Under Fed. R. App. P. 4(b)(A), a defendant has fourteen days from when the district court enters judgment to file a notice of appeal.  However, the district court may extend the time to file a notice of appeal, before or after the original fourteen days has expired, to up to thirty days from entry of judgment.  Fed. R. App. P. 4(b)(4).  The United States points out that, while Reid may not have made his wish to appeal clear within the first fourteen days after the Court entered judgment, Reid's letter filed with the Court twenty-one days after entry of judgment made clear that he was interested in pursuing an appeal.  Doc. [14] at 5.  The United States further concedes—and the Court finds—that, had counsel consulted with Reid, a reasonable probability

2

exists that Reid would have requested that counsel file an appeal and that counsel could have done so by requesting an extension under Rule 4(b)(4).  *Id.*  Thus, Reid suffered the ineffective assistance of counsel, and the Court grants his motion to vacate.  *See* 28 U.S.C. § 2255.  To remedy the violation of Reid's constitutional rights, the Court must allow Reid to take a timely appeal.  *Estes v. United States*, 883 F.2d 645, 649 (8th Cir. 1989) ("the prior judgment of conviction and sentence should be vacated and a new judgment entered which would enable [petitioner] to appeal therefrom after such entry."); *see Mortensen v. United States*, 2011 WL 13199116, at *3 (S.D. Iowa Jan. 5, 2011).

Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Reid's Amended Motion to Vacate, Set Aside, or Correct Sentence, Doc. [6], is **GRANTED** and the Judgment in *United States v. Reid*, 4:20-cr-00452-SEP (E.D. Mo. Aug. 12, 2021), is **VACATED**.

**IT IS FURTHER ORDERED** that the Clerk file a copy of this order in Reid's criminal case, 4:20-cr-00452-SEP.  The Clerk must also file an Amended Judgment, dated September 12, 2022, in Reid's criminal case, containing the same terms and conditions as the Judgment of August 12, 2021.

Dated this 12th day of September, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE